FILED

SEP 0 8 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | No. 5:22-CR-00100-JKP |
| § | |
| JOSE ANTONIO ARMENDARIZ, § | |
| § | |
| Defendant. § | |

## AGREED ORDER REVOKING SUPERVISED RELEASE AND RE-SENTENCING DEFENDANT

On this day came on to be considered the Government's Motion to Revoke Supervised Release. Through their signatures below, the parties have recommended a disposition in this cause. The Court concurs with this disposition which is supported by findings set forth below.

### I. Findings

*Supervised Release Imposed.* On or about January 7, 2022, this Court sentenced the Defendant to eighteen (18) months imprisonment, to be followed by three years of supervised release and payment of a special assessment of $100, for the offense of Conspiracy to Transport and move, and attempt to transport and move an undocumented alien within the United States by means of transportation and otherwise, in violation of 8 U.S.C. §1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i).

The Court ordered the Defendant arrested on July 15, 2022, for violation of the Defendant's conditions of supervised release pursuant to a Petition for Warrant or Summons for Offender Under Supervision submitted by the United States Probation Office.

*Admitted Supervision Violations.* On or about February 9, 2022; February 22, 2022; March 17, 2022; April 22, 2022; May 18, 2022; May 26, 2022; and June 14, 2022, the Defendant

unlawfully possessed and/or used controlled substances, including cocaine and marijuana, in violation of Mandatory Condition Number 3.

On May 31, 2022; June 24, 2022; and June 28, 2022, the Defendant failed to participate in co-occurring counseling sessions through Lifetime Recovery, in violation of a Special Condition. On July 1, 2022, the Defendant was terminated unsatisfactorily from the treatment program.

On June 21, 2022, the Defendant missed a follow-up mental health appointment through Crosspoint, Inc., in violation of a Special Condition.

On April 11, 2022; June 6, 2022; and June 24, 2022, the Defendant failed to appear for a random urinalysis, in violation of a Special Condition.

As of today's date, the Defendant has only paid $50 of the $100 Special Assessment imposed, in violation of Standard Condition Number 14.

*Defendant's Acknowledgments.* The Defendant acknowledges that: (1) upon revocation of the Defendant's supervised release, the Court could assess imprisonment up to a statutory maximum of 2 years consecutive to any other sentence, and impose supervised release of up to 3 years, and payment of any unsatisfied monetary sanction previously imposed; (2) the parties project the Defendant's non-binding revocation policy-statement imprisonment range to be 12-18 months; (3) the United States bears the burden of proving charged violations of supervised release by a preponderance of the evidence; (4) the Defendant does not contest the above-related factual summary of the evidence of the Defendant's misconduct and admits to the allegations therein; and (5) the United States could prove such misconduct by a preponderance of the evidence.

*Defendant's Waiver of Rights.* Through their signatures below, the Defendant and the Defendant's attorney specifically assert, and the Court finds, that the Defendant voluntarily, knowing, and intelligently: (1) waives the Defendant's rights under the Constitution,

Fed.R.Crim.P. 32.1(a)(2), and 43, 18 U.S.C. §3583(e)(3), and/or otherwise, to be present and participating with the Defendant's lawyer at a proceeding at which the Defendant's supervised release is revoked and the Defendant's is re-sentenced, as accomplished by this Order; and (2) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or the Defendant's counsel.

*Defendant's Waiver of Appeal.* By entering into this agreement, and as a term of this agreement, the Defendant voluntarily and knowingly waives the right to appeal the revocation and sentence on any ground. The Defendant also voluntarily and knowingly waives any right to contest the sentence in any post-conviction proceeding, including, but not limited to, a proceeding pursuant to 28 U.S.C. §2255; provided, however, that consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the Government, the Defendant does not waive the right to challenge the sentence on grounds of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

*Defendant's Plea of True.* As evidenced by the Defendant's signature below, and that of the Defendant's attorney, the Defendant acknowledges that the Defendant has reviewed the violations set forth herein with the below attorney, that the Defendant acknowledges the allegations herein are true, and that the Defendant pleads true to this these violations.

## II. Order

In view of the foregoing, based on the Defendant's uncontested violations of the Defendant's supervised release for which there is an adequate factual basis as summarized above, the Court finds, determines, and orders that:

1. The allegations of the violation(s) listed herein are true.
2. The Defendant's supervised release is revoked pursuant to 18 U.S.C. §3583(e).

3. The Defendant is remanded to the custody of the Bureau of Prisons for **12 months and one day of imprisonment** consecutive to any other sentence, to be served immediately and without credit for any time served since his arrest in July 2022 pursuant to the Court's warrant.

4. Upon the Defendant's discharge of the Defendant's sentence of imprisonment, Defendant shall not be placed on any additional term of supervised release.

5. Monetary sanctions imposed in this case that remain unpaid are imposed.

**APPROVED** and **ORDERED** ON THIS 8th day of September, 2022.

_____
HONORABLE JUDGE JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS


UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

_____
JOSE ANTONIO ARMENDARIZ
Defendant

_____
ANGELA SAAD
Counsel for Defendant

_____
AMANDA C. BROWN
Assistant United States Attorney
(Counsel for the Government has conferred with the United States Probation Officer and the Officer agrees with the parties that this sentence within the guideline range is appropriate.)